FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 23 2026
12:31 pm
Margaret Botkins, Clerk
Cheyenne



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

In re:

CHRISTOPHER MICHAEL BICKFORD,

Debtor.

_____

CHRISTOPHER MICHAEL BICKFORD,

Appellant,

v.

DIAMOND OAK, INC., dba ABSAROKA DOOR,

Appellee.

Case No. 2:25-cv-00286-SWS

Bankruptcy No. 24-20508
Adversary Proceeding No. 25-02006

---

## APPELLANT'S REPLY BRIEF

---

Filing Party: Christopher Michael Bickford, Pro Se
Address: 153 ½ N Day St, Powell, WY 82435
Telephone: (307) 250-7274
Email: cmb7274@gmail.com

## TABLE OF CONTENTS

1. **TABLE OF AUTHORITIES** ........................................................ 3
2. **ARGUMENT** ...................................................................... 4
   a. *A. Appellee Erroneously Conflates "Wanton" with "Malicious"* ............ 4
   b. *B. The "Passive Participant" Finding Precludes Malice* .................. 5
   c. *C. Knowledge of a Contract is Not Subjective Intent to Injure* ......... 6
3. **CONCLUSION** ................................................................... 7

# TABLE OF AUTHORITIES

## CASES

### United States Supreme Court

- *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013) ............................. 6
- *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) ........................................... 4, 6

### United States Court of Appeals for the Tenth Circuit

- *In re Moore*, 357 F.3d 1125 (10th Cir. 2004) ..................................... 4
- *In re Pasek*, 983 F.2d 1524 (10th Cir. 1993) ...................................... 5
- *In re Warren*, 512 F.3d 1241 (10th Cir. 2008) ..................................... 4, 5

### Wyoming Supreme Court

- *Gore v. Sherard*, 2002 WY 114, 52 P.3d 102 (Wyo. 2002) ........................... 5

## ARGUMENT

**A. Appellee Erroneously Conflates Wyoming's "Wanton" Standard with the Federal "Malicious" Standard.**

Appellee argues in its Brief (Appellee Br. at 6) that because the State Court found Appellant's conduct "willful and wanton," the "malicious" requirement of 11 U.S.C. § 523(a)(6) is automatically satisfied. This is a legal error.

The U.S. Supreme Court in *Kawaauhau v. Geiger* explicitly held that "willful" in the bankruptcy context requires a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." 523 U.S. 57, 61 (1998). Wyoming's "wanton" standard, as cited by Appellee, includes "reckless indifference" (Appellee Br. at 10). *Geiger* and subsequent Tenth Circuit rulings in *In re Warren* clarify that reckless or even grossly negligent conduct does not meet the § 523(a)(6) threshold. 512 F.3d 1241 (10th Cir. 2008).

Because the State Court's "wanton" finding allows for a lower standard of culpability than the federal "malicious" standard, collateral estoppel was improperly applied.

4

**B. The State Court's Factual Finding of "Passive Participation" Precludes a Finding of Malice.**

Appellee attempts to minimize the State Court's finding that Appellant was a "passive participant" whose role was "de minimis" (Appellee App. at 66). Appellee suggests that "passive" participation is sufficient for nondischargeability (Appellee Br. at 11).

However, "malice" under § 523(a)(6) requires that the debtor act without just cause or excuse and with a specific intent to cause injury. *In re Pasek*, 983 F.2d 1524, 1527 (10th Cir. 1993). A party who is found by a judge to be "passive" and merely "following orders" lacks the requisite subjective intent to cause a business-destroying injury. Appellant was a technician performing labor, not a strategist intending to harm Appellee's business interests. The "de minimis" finding is a factual shield that the Bankruptcy Court failed to honor.

5

### C. Knowledge of a Contract is Not Equivalent to Subjective Intent to Injure.

Appellee cites *Kanaga v. Landon* to argue that knowledge of a creditor's rights is sufficient to prove malice (Appellee Br. at 12). While knowledge is a factor, it does not replace the requirement of a "culpable state of mind." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013).

Appellant's trial notes and the trial transcript demonstrate that Appellant did not solicit the customers in question (Appellant App. at 45). Knowledge that a contract exists is not the same as a "willful" intent to see that contract breached. As an installer, Appellant's intent was to perform his trade, not to cause an injury to Diamond Oak, Inc.

6

## CONCLUSION

Appellee has failed to demonstrate that the state court record contains the specific findings of subjective intent required by the Bankruptcy Code. For these reasons, and those set forth in the Opening Brief, the Judgment of the Bankruptcy Court should be REVERSED.

Dated: February 18, 2026

Christopher Michael Bickford, Pro Se

*Chris Bickford*